## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WACHOVIA NATIONAL BANK** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:08cv1502HSO-JMR** |
| | § | |
| **SINGLETON DEVELOPMENT** | § | **DEFENDANTS** |
| **CORPORATION, ET AL.** | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is a Motion for Summary Judgment [19] pursuant to

FED. R. CIV. P. 56, filed on September 8, 2009, by Plaintiff Wachovia National Bank.

Defendants, Singleton Development Corporation, Kelly W. Singleton, and LaDana

Singleton, have not responded to the Motion.  After due consideration of the Motion,

the pleadings on file, the record, and the relevant law, it is the opinion of the Court

that Plaintiff's Motion for Summary Judgment should be granted, as there are no

disputed issues of material fact.

## I. FACTS AND PROCEDURAL HISTORY

On February 14, 2008, Plaintiff made a non-revolving line of credit loan to

Singleton Development Corporation in the amount of $2,464,000.00.  Plaintiff made

another loan to Singleton Development Corporation in the amount of $185,600.00 on

June 20, 2008.  Kelly and LaDana Singleton, jointly and severally, unconditionally

guaranteed payment of these company loans.  *See* Ex. "C" to Pl.'s Mot. for Summ. J.

In addition, on February 14, 2008, Plaintiff made a loan to Kelly W. Singleton ["KWS"]

in the amount of $17,693.32.  All three loan obligations required Defendants to pay the

principal and interest due on the loans, and provided that Defendants would be liable for costs and expenses, including attorneys' fees, incurred in collecting the obligations due under the loans.

Plaintiff filed the above captioned case on December 23, 2008, against Defendants Kelly W. Singleton, LaDana Singleton, and Singleton Development Corporation. The Complaint asserts breach of contract claims arising from Defendants' failure to repay the aforementioned debt and guaranty obligations owing to Plaintiff. Plaintiff filed the present Motion on September 8, 2009. Defendants' Response was due on or before September 25, 2009. In order to conduct additional discovery, the parties submitted, and the Court entered, an Agreed Order staying Defendants' Response to Plaintiff's Motion for Summary Judgment until November 9, 2009. To date, Defendants have not filed a Response, and Counsel for Defendants has informed the Court that they do not intend to respond to Plaintiff's Motion. The matter is now ripe for resolution by the Court.

## II. DISCUSSION

A. Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth v. Wal-Mart*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth*, 75 F. Supp. 2d at 543.

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.     Plaintiff's Breach of Contract Claims

Plaintiff's Complaint asserts three claims for breach of contract: 1) Breach of Contract by Singleton Development Corporation; 2) Breach of Guaranty by Kelly and LaDana Singleton; and 3) Breach of Contract by "KWS".  The Mississippi Supreme Court has held that questions regarding the construction and interpretation of contracts are questions of law. *See Warwick v. Gautier Utility District,* 738 So. 2d 212, 214 (Miss. 1999).  If the language of the contract "is clear, definite, explicit, harmonious in all its provisions, and free from ambiguity throughout," the court looks to the instrument itself as written.  *See Farragut v. Massey*, 612 So. 2d 325, 329 (Miss. 1992)(citing  *Sumter Lumber Co. v. Skipper*, 184 So. 296, 298-99 (1938)). "Under Mississippi law, where the contract is not ambiguous, the intention of the contracting parties should be gleaned solely from the wording of the contract." *Turner v. Terry,* 799 So. 2d 25, 32 (Miss. 2001)(quoting *Heritage Cablevision v. New Albany Elec. Power Sys.*, 646 So. 2d 1305, 1312 (Miss. 1994)).

In order to establish a breach of contract claim, a plaintiff must prove: (1) the existence of a valid and binding contract; (2) that the defendants have broken, or breached it; and, (3) that the plaintiff has been damaged thereby monetarily.  *See Favre Property Management, LLC v. Cinque Bambini,* 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004)(citing *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992)).  In the present case, examination of the Promissory Notes and Guaranty reveals that they are valid contracts, clear and unambiguous on their face.  *See* Exs. "A-C" to Pl.'s Mot. for

Summ. J. The undisputed evidence before the Court demonstrates that Defendants breached these agreements by failing to abide by the terms of payment, thereby damaging Plaintiff monetarily.

### III. CONCLUSION

The summary judgment evidence submitted by Plaintiff shows that Defendants have wholly failed to abide by the terms of the Promissory Notes and Guaranty. Because Defendants have provided no evidence creating a genuine issue of material fact, Plaintiff is entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [19] of Plaintiff Wachovia National Bank, for Summary Judgment filed on September 8, 2009, pursuant to FED. R. CIV. P. 56, should be and hereby is **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 11th day of January, 2010.

s/ Halil Suleyman Ozerden

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE